UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1960 JVS (JDEx) | Date | June 17, 2019 |
| Title | Timothy T. Merritt Jr., et al. v. Wells Fargo Bank | | |

Present: The Honorable **James V. Selna, US District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:   (IN CHAMBERS) Order Regarding Motion to Dismiss**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby rules in accordance with the tentative ruling as follows:**

Defendant Wells Fargo Bank, N.A., sued erroneously as "Wells Fargo Bank," ("Wells Fargo") moved to dismiss Plaintiffs Timothy T. Merritt, Jr. ("Merritt") and Cathy Mitchell's ("Mitchell") (together, "Plaintiffs") Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. MTD, Docket No. 36. Plaintiffs filed an opposition. MTD Opp'n, Docket No. 39. Wells Fargo replied. MTD Reply, Docket No. 40. Plaintiffs filed supplemental authority in support of their opposition. Docket No. 45.

For the following reasons, the Court **grants in part** and **denies in part** the motion to dismiss.

## I. BACKGROUND

The SAC alleges the following. In July 2017, Merritt and his mother, Mitchell, went to the Wells Fargo branch located at 18712 Gridley Road, Cerritos, California 90703 ("Cerritos Branch"), and met with a personal banker named Joseph. SAC, Docket No. 35 ¶ 17. Merritt is a college student who graduated in the top 10% of his high school class in June 2017. Id. ¶¶ 16, 20. Both Plaintiffs are of African-American descent. Id. ¶¶ 9, 10. Merritt also suffers from a speech impediment which can make it difficult at times for strangers to understand what he is saying. Id. ¶ 16. Therefore, Mitchell accompanied Merritt to the bank to spare him the embarrassment and inconvenience of discussing his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1960 JVS (JDEx) | Date | June 17, 2019 |
| Title | Timothy T. Merritt Jr., et al. v. Wells Fargo Bank | | |

banking needs without her assistance. Id. ¶ 19. After discussion with Joseph, Merritt opened a Wells Fargo checking account. Id. On another trip, with Wells Fargo's encouragement, Merritt opened a credit card account. Id.

A few months later, as Merritt progressed in college, he was in need of approximately $1,500 to purchase football equipment and video games he desired. Id. ¶ 20. Therefore, on February 8, 2018, Plaintiffs went to the Cerritos Branch and asked to speak with Joseph about obtaining a small personal loan for Merritt. Id. ¶ 21. Because Joseph had to leave, he introduced Plaintiffs to another Wells Fargo employee, Angelique Rodriguez ("Rodriguez"). Id.

Immediately upon interacting with Rodriguez, Plaintiffs detected hostility, impatience, intolerance, and distrust. Id. ¶ 22. Plaintiffs were able to detect implicit signals of racial discrimination through their repeated experiences of discrimination in the past. Id. Specifically, Plaintiffs detected discrimination based on Rodriguez's facial expression, body language, tone, language, and attitude. Id. Plaintiffs remained calm and respectful as Mitchell tried to explain to Rodriguez what her sons needs were, but this only further stoked Rodriguez's discriminatory conduct. Id. ¶ 24. Merritt did in fact answer some of Rodriguez's questions up to that point in the interaction; however, Rodriguez had made up her mind in deciding on how to proceed with Plaintiffs. Id.

Rodriguez repeatedly interrupted Mitchell and began jabbing her fingers in Mitchell's face while sneering that she only wanted to speak with Merritt, the account holder. Id. Rodriguez then began accusing Mitchell – in front of her son and loud enough for others around them to hear – of abusing her "incompetent" son by using him to open a credit line in his name so that she could steal the money for herself. Id. ¶ 25. When Mitchell tried to explain that she was there to help her son, Rodriguez angrily responded, "I don't need to speak to you, Nigger." Id. Rodriguez did not properly and fully complete the loan application process for Merritt, and Wells Fargo refused to fully consider Merritt's loan request based on the color of his skin. Id. ¶ 27.

Wells Fargo subsequently called the police to report and accuse Mitchell of financially exploiting her "dependent" son. Id. Moreover, upon information and belief, Wells Fargo informed California Child Protective Services and the Sheriff's Department that Mitchell tried to open the account in her own name, which is false. Id. ¶ 29. There was no reason for Wells Fargo to call law enforcement on Mitchell, especially in light of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1960 JVS (JDEx)　　　　　Date  June 17, 2019

Title  Timothy T. Merritt Jr., et al. v. Wells Fargo Bank

the positive history Plaintiffs had, up to that point, with Wells Fargo. Id. ¶ 30. In a section of the SAC entitled "Banking While Black at Wells Fargo," Plaintiffs allege examples of six other individuals who have been subject to racial discrimination at various Wells Fargo branches. Id. ¶¶ 31–40.

On September 21, 2018, Plaintiffs initiated this lawsuit in the Superior Court of California for the County of Orange. Docket No. 1-1. On October 31, 2018, Wells Fargo removed the action to this Court. Docket No. 1. On January 9, 2019, Plaintiffs filed their First Amended Complaint ("FAC"). Docket No. 14. Wells Fargo moved to dismiss and strike portions of the FAC on February 6, 2019. MTD, Docket No. 19; MTS, Docket No. 20. On March 15, 2019, the Court granted the motions in part. Docket No. 34. On April 15, 2019, Plaintiffs filed their SAC, alleging four causes of action: (1) violation of 42 U.S.C. § 1981; (2) violation of Unruh Civil Rights Act; (3) defamation; and (4) defamation per se. SAC, Docket No. 35.

Wells Fargo now moves to dismiss the SAC in its entirety. MTD, Docket No. 36-1.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 677. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 677–78 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 664. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1960 JVS (JDEx)                                    Date   June 17, 2019

Title   Timothy T. Merritt Jr., et al. v. Wells Fargo Bank

### III. DISCUSSION

**A.   42 USC § 1981**

In pertinent part, section 1981 guarantees that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines "make and enforce contract" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Id. § 1981(b). Thus, section 1981 forbids intentional, race-based discrimination in the making of both public and private contracts. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir. 1988); see also Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 389 (1982) (section 1981 "reaches only purposeful discrimination"). To state a claim under section 1981, "a complaint must establish that: (1) a plaintiff is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, i.e., the making and enforcing of a contract." Hung Duong Nguon v. Geragos, No. CV 09-8912-PA (OP), 2011 WL 2173640, at *4 (C.D. Cal. Jan. 26, 2011) (citing Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)).

The SAC asserts a section 1981 claim only on Merritt's behalf. SAC, Docket No. 35 ¶ 41–42. Plaintiffs argue that Merritt states a claim under section 1981 based on the allegation that "Wells Fargo denied Merritt the opportunity to obtain a personal loan solely because he is an African-American." SAC, Docket No. 35 ¶ 45. Plaintiffs argue that the allegation that Rodriguez used a racial epithet leaves no doubt as to her discriminatory motives in preventing Merritt from entering a loan (i.e., a contract), taking Plaintiffs' allegations as true as the Court must do at this stage. Opp'n, Docket No. at 7.

However, Wells Fargo argues that Plaintiffs' allegations in the SAC are not enough to establish the action's second, critical element: intentional or purposeful discrimination based on race. MTD, Docket No. 36-1 at 11. Wells Fargo argues that no facts in the SAC support a plausible inference that Merritt's race had anything to do with the denial of his personal loan application. Id. Instead, Wells Fargo argues that the alleged facts demonstrate reasonable, legitimate conduct by Rodriguez to not process the loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1960 JVS (JDEx)                                  Date  June 17, 2019

Title  Timothy T. Merritt Jr., et al. v. Wells Fargo Bank

application because she had reasonable suspicion of financial abuse. Id. In weighing this, Wells Fargo argues Plaintiffs' allegations, even when combined with the use of the racial epithet, cannot overcome the inference of legitimate conduct involving detection and prevention of potential abuse of a dependent adult. Id.

The Court finds that Merritt states a claim under section 1981. Merritt establishes the first requirement because he is an African-American. SAC, Docket No. 35 ¶ 10. Furthermore, Merritt plausibly alleges that Wells Fargo had an intent to discriminate based on race. The SAC alleges that Plaintiffs detected "implicit signals of racial discrimination" based on Rodriguez's facial expression, body language, tone, language, and attitude. Id. ¶ 22. Moreover, the SAC alleges that Rodriguez called Mitchell a "nigger," which is a direct allegation of racial animus. Id. ¶ 25. Taken as true as required at the pleading stage, these allegations support the plausible inference that Wells Fargo had an intent to discriminate based on race. See Nat'l Ass'n of African Am.-Owned Media v. Charter Communications, Inc., 915 F.3d 617, 626 (9th Cir. 2019) ("If discriminatory intent plays any role in a defendant's decision not to contract with a plaintiff, even if it merely one factor and not the sole cause of the decision, then the plaintiff has not enjoyed the same right as a white citizen.") (emphasis in original).

Wells Fargo argues that, applying Charter, Plaintiffs' allegations are inadequate to support a viable section 1981 claim because they have not supplemented their claim by alleging specific instances where Wells Fargo contracted with similarly situated white counterparts. MTD, Docket No. 36-1 at 13. However, the Ninth Circuit in Charter only looked to the plaintiff's argument that "white-owned companies were treated similarly" due to the absence of direct evidence of racial animus. Charter, 915 F.3d at 626–27. That is not the case here. Accordingly, the second element of Merritt's section 1981 claim has been met.

Lastly, Merritt alleges that "Rodriguez refused to properly and fully complete the loan application process" and that "Wells Fargo refused to fully consider [Merritt's] loan request based upon the color of his skin." SAC, Docket No. 35 ¶ 27. Therefore, Merritt satisfies the third element of a section 1981 claim because the alleged discrimination concerned "the making or enforcing of a contract," which in this case was the loan Merritt was refused.

Because the SAC plausibly establishes all three elements of a section 1981 claim,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1960 JVS (JDEx)  Date  June 17, 2019

Title  Timothy T. Merritt Jr., et al. v. Wells Fargo Bank

Wells Fargo's motion to dismiss this claim is **denied**.

### B.  Unruh Civil Rights Act - Cal. Civ. Code § 51

Plaintiffs allege that Wells Fargo violated section 52 of the California Unruh Civil Rights Act, as Wells Fargo's conduct constituted discrimination of Mitchell and Merritt on the basis of race. SAC, Docket No. 35 ¶¶ 59–66. However, as Wells Fargo correctly notes, Plaintiffs' Unruh claim is procedurally improper because it was added to the SAC without first seeking leave of the Court. When the Court ruled on Well Fargo's prior motion to dismiss, it specifically granted Plaintiffs' "leave to amend and replead their claims to address the deficiencies identified in [the] order." Order, Docket No. 34 at 16.

Accordingly, the Court **grants** Wells Fargo's motion to dismiss the Unruh claim.[1]

### C.  Defamation and Defamation Per Se

Plaintiffs' final two causes of action are for defamation by Merritt and defamation per se by Mitchell. SAC, Docket No. 14 ¶¶ 49–58. To state a claim for defamation, Plaintiffs must allege that Wells Fargo (1) intentionally (2) published a statement of fact (3) that is false (4) unprivileged, and (5) has a natural tendency to injure (libel per se) or cause special damages. Smith v. Maldonado, 72 Cal. App. 4th 637, 645–46 (1999). "A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such an inducement, innuendo, or other extrinsic fact, is said to be libel on its face." Cal. Civ. Code § 45a.

Here, Mitchell alleges that Rodriguez falsely accused her of abusing her son and attempting to commit fraud by trying to open an account in her own name. SAC, Docket No. 35 ¶¶ 49–51. Merritt alleges that Rodriguez falsely stated that he was incompetent and was incapable of knowing why he was at the bank. Id. ¶ 54–56. Plaintiffs allege that these false statements were heard by Plaintiffs themselves, members of law enforcement, and other customers in Rodriguez's proximity, and that the statements were made with malice and intent to injure. Id. ¶¶ 50, 55.

---

[1] If Plaintiffs wish to add the Unruh claim as one of their causes of action, they must seek the Court's leave pursuant to Federal Rule of Civil Procedure 15(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1960 JVS (JDEx)                          Date  June 17, 2019

Title    Timothy T. Merritt Jr., et al. v. Wells Fargo Bank

    Wells Fargo argues that Plaintiffs' defamation claims fail because the SAC does not adequately allege additional facts establishing malice. MTD, Docket No. 36-1 at 18. According to Wells Fargo, the SAC shows that Rodriguez had objective grounds to suspect financial abuse of a depended adult. Id.

    Malice may be established by showing that the publisher of a defamatory statement lacked reasonable grounds to believe the statement was true, and therefore acted with a reckless disregard for the rights of the person defamed. Cuenca v. Safeway San Francisco Employees Fed. Credit Union, 180 Cal. App. 3d 985, 997 (1986). Negligence is not malice. Cabanas v. Gloodt Associates, 942 F. Supp. 1295, 1301 (E.D. Cal. 1996). Thus, "[i]t is not sufficient to show that the statements . . . were inaccurate, or even unreasonable. Only willful falsity or recklessness will suffice." Id. at 1301–02 (internal quotations and citation omitted).

    Here, the SAC alleges that Plaintiffs had previously visited the Cerritos Branch on two separate occasions, where they were helped by Joseph. SAC, Docket No. 35 ¶ 17. On both occasions, Merritt accompanied her son, Mitchell, to assist him and spare him the embarrassment and inconvenience of discussing his banking needs without her assistance. Id. ¶ 19. On their third visit, Plaintiffs were introduced to Rodriguez after Joseph stepped out of the branch. Id. ¶ 21. Despite knowing, after Joseph's introduction, that Plaintiffs were Wells Fargo customers, Rodriguez initiated their interaction with an attitude and manner reflecting hostility, impatience, intolerance, and distrust. Id. ¶ 22. Although Mitchell did not explain why she would speak on Merritt's behalf, Merritt did answer questions posed by Rodriguez. Id. ¶ 24. Due to the allegations that Rodriguez knew Plaintiffs were returning customers and Merritt's willingness to communicate despite his speech impediment, Rodriguez lacked reasonable grounds to believe her accusations of abuse, attempted fraud, and incompetence to be true.

    In addition, Rodriguez repeatedly interrupted Mitchell, jabbed her fingers in Mitchell's face, and sneered at her. Id. Given the these allegations and the circumstances of the interaction, Plaintiffs have alleged sufficient facts to show malice, as malice is "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy, or injure another person." SDV/ACCI, Inc. v. AT & T Corp., 522 F.3d 955, 962 (9th Cir. 2008) (quoting Cabanas v. Gloodt Assocs., 942 F.Supp. 1295, 1301 n.7 (E.D. Cal. 1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1960 JVS (JDEx) | Date | June 17, 2019 |
| Title | Timothy T. Merritt Jr., et al. v. Wells Fargo Bank | | |

Therefore, Wells Fargo's motion to dismiss the defamation claim and the defamation per se claim is **denied**.

### IV. CONCLUSION

For the foregoing reasons, the Court **grants in part** and **denies in part** the motion to dismiss.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |